NUMBER 13-05-461-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

DARRELL R. SCOTT,                                                                      
Appellant,

 

                                                             v.                                

 

CITY OF HOUSTON,                                                                         Appellee.

 

       On
appeal from the 133rd District Court of Harris County, Texas.

 

                               MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez and Castillo 

                      Memorandum
Opinion by Chief Justice Valdez

 

 








Appellant, Darrell R. Scott, sued the city of Houston
under the Texas Whistleblower Act.  See
Tex. Gov=t Code Ann.
_ 554.002 (Vernon 2005).  The
trial court granted a traditional motion for summary judgment in favor of the
City.  See Tex. R. Civ. P 166a.  This
appeal ensued.  By five points of error,
appellant contends that the trial court erred in granting summary
judgment.  For the reasons that follow,
we affirm.         

I. BACKGROUND

The City hired appellant in 1990 in the Department
of Public Works and Engineering as a Plant Operator Trainee.  Appellant eventually advanced to Maintenance
Mechanic III.  During his employment with
the City, appellant was counseled on January 10, 1992 for failure to follow
instructions; disciplined in writing on June 11, 1998 for dereliction of
duties; suspended without pay on August 20, 1999 for failing to follow
directives and misuse of City property; suspended without pay on October 8,
2001 for failure to follow the City=s workability guidelines for injured employees; and
again suspended without pay on April 10, 2002 for dereliction of duties,
failure to follow directives, and insubordination.

On December 29, 2003, appellant requested an
investigation into the City=s hiring practices, alleging what he claimed to be
unlawful hiring practices.  The record
does not show what actions the City took pursuant to the claim.  On January 6, 2004, appellant requested the
Office of Inspector General (AOIG@) to investigate this matter.  The OIG investigated and then closed the
inquiry report, finding no evidence of illegal or unauthorized activity.  On March 4, 2004, appellant filed a Concern
with the City regarding the matter.  The
City closed the Concern when they determined that appellant had not applied for
the position that was the subject of the Concern.    








In July 2003, the City modified its disciplinary
policy and adopted the Superior Performance Program, a policy of Apositive corrective action@ that consisted of a series of progressive
disciplinary measures.  Appellant
received notice of the new disciplinary policy on March 5, 2004, and was told
that under the new plan, his April 10, 2002 suspension would be reclassified to
a Reminder II- two steps below indefinite suspension.  Appellant did not file a grievance about this
decision.   

On March 19, 2004, appellant was given a Decision
Making Leave (ADML@) for making inappropriate gestures toward a
co-worker.  The DML was supported by an
OIG investigation of the incident that sustained the allegation that appellant
made an obscene gesture to another co-worker. 
The DML is a one-day leave, with pay, so the employee can make a
decision whether to correct the problem behavior and make a commitment toward
acceptable performance, or immediately resign from the City.  As part of the DML, employees are required,
upon returning to work, to either sign a commitment form or resign.  When appellant returned from the DML, he
refused to do either.  Appellant did not
request an administrative review of the DML. 

In accordance with the disciplinary policy, the City
relieved appellant of duty with pay on March 23, 2004 for refusing to commit to
acceptable performance and then indefinitely suspended appellant on May 5, 2004
after a hearing held on April 9, 2004. 
Appellant appealed his indefinite suspension to the City of Houston
Civil Service Commission, and on May 25, 2004, the Commission sustained the
suspension.                   

II. STANDARD OF REVIEW








To obtain a traditional summary judgment, a party
moving for summary judgment must show that no genuine issue of material fact
exists and that the party is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985).  In reviewing the
grant of a summary judgment, we must indulge every reasonable inference and
resolve any doubts in favor of the non-movant. 
Johnson, 891 S.W.2d at 644; Nixon, 690 S.W.2d at 549.  In addition, we must assume all evidence
favorable to the non-movant is true.  Johnson,
891 S.W.2d at 644; Nixon, 690 S.W.2d at 548‑49.  

The scope of review on appeal from summary judgment
is limited.  Issues not expressly
presented to the trial court by written motion, answer, or other response shall
not be considered on appeal as grounds for reversal.  Tex.
R. Civ. P 166a; City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  In the present case, the City moved for
summary judgment on an affirmative defense. 
See Tex. Gov=t Code Ann.
_ 554.004(b) (Vernon 2005).    

A defendant must establish each element of an
affirmative defense when it moves for summary judgment based on that
affirmative defense.  Pustejovsky v.
Rapid-American Corp., 35 S.W.3d 643, 646 (Tex. 2000).  Summary judgment will be affirmed only if the
record establishes that the movant conclusively proved all elements of its
affirmative defense as a matter of law.  Clear
Creek, 589 S.W.2d at 678.    








The motion for summary judgment shall state specific
grounds on which judgment is sought, and a summary judgment may not be granted
on grounds which are not raised by the movant in his motion.  Tex.
R. Civ. P. 166a; McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993).  A motion for summary judgment must stand or
fall on the grounds expressed therein; reliance may not be placed on briefs or
summary judgment evidence.  McConnell,
858 S.W.2d at 341.  When a trial court=s order granting summary judgment does not specify
the grounds relied on for the ruling, summary judgment will be affirmed on
appeal if any of the theories advanced are meritorious.  State Farm Fire & Cas. Co. V. S.S.,
858 S.W.2d 374, 380 (Tex. 1993). 

III. ANALYSIS

The City of Houston moved for summary judgment on
several grounds, one of which is the affirmative defense provided by the Texas
Whistleblower Act: 

It is an affirmative defense to a suit under this
chapter that the employing state or local government entity would have taken
the action against the employee that forms the basis of the suit based solely
on information, observation, or evidence that is not related to the fact that
the employee made a report protected under this chapter of a violation of
law.  

 

Tex. Gov=t Code Ann.
_ 554.004(b).  

The City=s motion for summary judgment was supported with
evidence of appellant=s disciplinary history.  The summary judgment evidence shows that
appellant was disciplined a total of six times during his employment with the
City.  The summary judgment evidence also
shows that after appellant returned from the DML, he refused to sign a form
committing to acceptable performance. 
The Superior Performance Program gave employees two choices:  either sign the commitment or resign
immediately.  Appellant did neither.  Instead, appellant presented a position
statement insisting that he had been totally committed to acceptable
performance, and characterizing the basis for the DML as Afalse maligning and slanderous statements which
defamed my character.@  Appellant
further contended the DML was retaliation for his investigation requests.  








Appellant was given a Loudermill hearing
before indefinite suspension was imposed. 
The record of the hearing, held on April 9, 2004, indicates that appellant
knew the consequences of not signing the commitment form, yet refused to sign
it.  Appellant alleged the commitment
form was false, but presented no evidence as to why it was false; instead he
merely referenced his prior position statement. 
The position statement, however, provides only unsubstantiated
assertions that the DML was false.  It
provides no evidence to contradict the OIG determination that appellant made an
obscene gesture to a co-worker.  It also
provides no evidence of retaliation by the City.

The summary judgment record contains ample evidence
of a legitimate, non-discriminatory reason for appellant=s indefinite suspension.  After considering all of the evidence in the
light most favorable to appellant, we conclude that the City established its
affirmative defense as a matter of law. 
The City would have indefinitely suspended appellant based on
information, observation, or evidence not related to appellant=s claim.  See
Tex. Gov=t Code Ann.
_ 554.004(b).  Accordingly, we
conclude summary judgment was appropriate under this ground.  Given our disposition, we need not address
appellant=s remaining issues. 
See State Farm, 858 S.W.2d at 380. 

The trial court=s judgment is affirmed.            

 

______________________

ROGELIO VALDEZ

Chief Justice

 

Memorandum Opinion delivered and 

filed this the 29th day of June, 2006.